IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS D. REAY,

        Petitioner,                      2:02-cv-2067-GEB-DAD-P

    vs.

A.K. SCRIBNER, Warden, et al.,

        Respondents.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's March 3, 2008 denial of his application for a writ of habeas corpus and a request to proceed in forma pauperis on appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

        A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

/////

1

court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues presented in the instant petition: (1) whether the trial court violated his right to due process by denying his motion to sever his trial from that of co-defendant Nettie Reay; (2) whether his trial counsel rendered ineffective assistance when he failed to request a limiting instruction regarding evidence of Battered Woman's Syndrome; (3) whether his right to a fair trial was violated by improper cross-examination conducted by trial counsel for co-defendant Nettie Reay; (4) whether his right to a fair trial was violated by juror misconduct, the inadequacy of the trial court's voir dire and the refusal of the trial court to dismiss a juror; (5) whether his right to due process was violated by jury instruction error; (6) whether his right to a fair trial was violated because of the jury's exposure to evidence of his prior acts of domestic violence against Nettie Reay; (7) whether his trial counsel rendered ineffective assistance when he failed to object to the admission of evidence of Battered Woman's Syndrome; (8) whether his right to a fair trial was violated by the cumulative effect of the errors described in claims (1) through (7); (9) whether the prosecutor committed misconduct during his closing argument; (10) whether his trial counsel rendered ineffective assistance when he failed to object to the prosecutorial misconduct in closing argument; (11) whether his trial counsel rendered ineffective assistance because of his failure to call petitioner's sister as a witness to testify in support of petitioner's alibi defense; (12) whether newly discovered evidence demonstrates that he is factually innocent; and (13) whether the California Court of Appeal improperly denied his motion for state habeas counsel.

Petitioner has also filed a request to proceed in forma pauperis on appeal. Petitioner applied for and was granted in forma pauperis status in this action. Accordingly, he is

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

entitled to proceed in forma pauperis on appeal without further authorization.  Fed. R. App. P. 24(a)(3).  Petitioner's request will therefore be denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. A certificate of appealability is issued in the present action; and

2. Petitioner's request to proceed in forma pauperis on appeal is denied as unnecessary.

Dated:  April 21, 2008

GARLAND E. BURRELL, JR.
United States District Judge